UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Ben Hawkins, *on behalf of himself and all others similarly situated,* | Case No. 1:19-cv-01186-LMB-IDD |
| Plaintiff, | |
| v. | Hon. Judge Leonie M. Brinkema |
| Navy Federal Credit Union, | Hon. Magistrate Judge Ivan D. Davis |
| Defendant. | |

## PRELIMINARY CERTIFICATION ORDER

This matter having come before the Court on Plaintiff's motion for preliminary approval of the proposed class action settlement of the above-captioned case (the "Action") between Plaintiff Ben Hawkins, individually and on behalf of the Settlement Class, and Defendant Navy Federal Credit Union ("Navy Federal"), as set forth in the Parties' Settlement Agreement and Release (the "Settlement Agreement"). Having duly considered the papers, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the litigation, the Parties, and all Settlement Class Members.

2. Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

3. The Court has conducted a preliminary evaluation of the Settlement Agreement for fairness, adequacy, and reasonableness, and finds that giving notice is justified by the Parties' showing that the Court will likely be able to: (i) approve the Settlement Agreement under Fed. R. Civ. P. 23(e)(2), and (ii) certify the Class for purposes of judgment on the proposal. The Court further finds there is cause to believe that: (i) the Settlement Agreement is fair, reasonable, and

adequate, and within the range of possible approval; (ii) the Settlement Agreement has been negotiated in good faith at arms' length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the forms of notice of the material terms of the Settlement Agreement to Settlement Class Members for their consideration and reaction, that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement Agreement.

4. The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of settlement only, the following Settlement Class:

> All nonmember persons of Navy Federal who received one or more text messages (other than text messages concerning fraud) on their cellular telephone from Navy Federal, or anyone on its behalf, between September 15, 2015 through the date of Preliminary Certification. Excluded from the Class are all current employees, officers, and directors of Navy Federal; federal, state, and local governments and all agencies and subdivisions thereunder; and the Judges and mediators to whom this Action is or has been assigned and any member of his or her immediate family.

5. The Court hereby appoints Ben Hawkins as Class Representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6. The Court appoints Burke Law Offices, LLC, Goldenberg Schneider, L.P.A., and The Lyon Firm, L.C. as Class Counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. This Court hereby orders Defendant to provide notice to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715.

8. On <u>10:00 a.m. ET</u>, at <u>October 9, 2020</u>, in Courtroom 700 of the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, Virginia 22314, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness,

adequacy and reasonableness of the Settlement Agreement and to determine whether (i) final approval of the Settlement Agreement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and service award to Plaintiff, should be granted, and in what amount. No later than July 8, 2020, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses, and the service award to the Class Representative. No later than October 2, 2020, which is seven (7) days prior to the Final Approval Hearing, Plaintiff must file papers in support of final approval of the Settlement Agreement and respond to any written objections.

9. Pursuant to the Settlement Agreement, Kurtzman Carson Consultants LLC ("KCC") is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

10. The Court approves the proposed Notice Program for giving notice to the Settlement Class (i) directly through Mail Notice and Email Notice, (ii) through an internet Publication Notice campaign as outlined in the Settlement Agreement; and (iii) by establishing a Settlement Website and toll-free number, as more fully described in the Settlement Agreement. The Notice Program, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Notice Program no later than June 8, 2020, in accordance with the terms of the Settlement Agreement.

11. Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a Claim Form in accordance with the instructions provided therein, including providing proof of receipt of the texting at issue to the extent they are submitting a Proof of Receipt Claim. The Court hereby approves as to form and content the Mail

Notice attached to the Settlement Agreement as Exhibit A, the Email Notice attached to the Settlement Agreement as Exhibit B, the Long-Form Notice attached to the Settlement Agreement as Exhibit C, the Publication Notice attached to the Settlement Agreement as Exhibit D, and Claim Form attached to the Settlement Agreement as Exhibit E. All Claim Forms (and proof of text receipt, if applicable) must be postmarked or received by the Settlement Administrator no later than <u>September 7, 2020</u>, which is 90 days after the Notice Deadline.

12. Settlement Class Members who wish to either object to the Settlement Agreement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of <u>August 7, 2020</u>, which are both sixty (60) days after the Notice Deadline. Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both a request for exclusion and an objection, the request for exclusion will be controlling.

13. To submit a request for exclusion, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out Deadline. In the request for exclusion, the Settlement Class Member must state his or her full name, address, and cell phone number texted, and express that he or she wishes to be excluded from the Settlement Class in this Action. The request for exclusion must be signed by the Settlement Class Member or, in the case of a person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such person. No request for exclusion will be valid unless all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class; however, nothing herein shall prevent Class Members from obtaining the assistance of another, such as a lawyer or family member, in preparing or

submitting any individual exclusion. Likewise, "mass" or "class" opt-outs submitted by third parties on behalf of a "mass" or "class" of Settlement Class Members, when not signed by each Settlement Class Member, will not be valid.

14. If a timely and valid request for exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and the Settlement Agreement and any determinations and judgments concerning it will not bind the excluded person.

15. All Settlement Class Members who do not opt out in accordance with the terms set forth in the Settlement Agreement will be bound by all determinations and judgments concerning the Settlement Agreement.

16. To object to the Settlement Agreement, Settlement Class Members must follow the directions in the Notice. Objections must be mailed (first-class postage prepaid) to the Clerk of Court, with a copy to Class Counsel and Navy Federal's counsel, no later than the Objection Deadline. In the written objection, the Settlement Class Member must set forth: (a) the name of the Action, *Hawkins v. Navy Federal Credit Union*, No. 19-cv-01186-LNB-IDD (E.D. Va.); (b) the objector's full name, address, telephone number, and cell phone number texted by or on behalf of Navy Federal (if different); (c) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support for the objection; (e) the identity of all counsel who represent the objector, if any, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (f) whether the objector intends to appear at the Final Approval Hearing and, if so, the identity of all counsel representing the objector who will appear at the Final Approval Hearing, if any; (g) whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (h) a list of all other class action settlements to which

the objector or their counsel submitted an objection; (i) a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and (j) the objector's signature (an attorney's signature is not sufficient). The Parties will have the right to issue discovery to or depose any objector as to the basis and circumstances of his or her objection, and to assess whether the objector has standing. No objection will be valid unless all of the information described above is included. A Class Member may not both opt out of the Settlement Agreement and object. If a Settlement Class Member submits both a request for exclusion and objection, the request for exclusion will control.

17. Any Settlement Class Member who fails to timely submit a written objection to the Settlement Administrator and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order, above and as detailed in the Notice, shall not be permitted to object to the Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Settlement Agreement by appeal or other means, shall be deemed to have waived his, her, or its objections, and shall be forever barred from making any such objections in the Action. All members of the Settlement Class, except those members of the Settlement Class who submit timely requests for exclusion, will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

18. Pending the final determination of whether the Settlement Agreement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed. If the Settlement Agreement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

19. If the Settlement Agreement is not approved or consummated for any reason

whatsoever, the Settlement Agreement and all proceedings in connection with the Settlement Agreement will be without prejudice to the right of Defendants or Plaintiff to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court. In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

20. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Defendants, or the truth of any of the claims, and evidence relating to the Settlement Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Settlement Agreement, this Order, and the Final Approval Order.

21. Counsel for the Parties are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form, and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

22. Accordingly, the following are the deadlines by which certain events related to the Settlement Agreement must occur:

| ACTION | DATE |
|---|---|
| Notice Deadline | June 8, 2020 (75 days after Preliminary Certification) |
| Class Counsel's Fee/Expense/Service Award Motion Due | July 8, 2020 (30 days after Notice Deadline) |
| Opt-Out Deadline and Objection Deadline | August 7, 2020 (60 days after Notice Deadline) |
| Deadline to Submit Claims | September 7, 2020 (90 days after Settlement Notice Date) |
| Motion for Final Approval Due | October 2, 2020 (7 days prior to Final Approval Hearing) |
| Final Approval Hearing | 10:00 a.m. ET on October 9, 2020 (no earlier than 30 days after the Claim Deadline)<br><br>Albert V. Bryan U.S. Courthouse<br>401 Courthouse Square, Courtroom 700<br>Alexandria, VA 22314 |

**IT IS SO ORDERED.**

Dated: March 23, 2020

/s/
Leonie M. Brinkema
United States District Judge