UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Ben Hawkins, *on behalf of himself* *and all others similarly situated,* | Case No. 1:19-cv-01186 |
| Plaintiff, | |
| v. | Hon. Judge Leonie M. Brinkema |
| Navy Federal Credit Union, | Hon. Magistrate Judge Ivan D. Davis |
| Defendant. | |

## **FINAL APPROVAL ORDER AND JUDGMENT**

The Court having held a Final Approval Hearing on October 20, 2020, notice of the Final Approval Hearing having been duly given in accordance with this Court's Preliminary Certification Order, and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in order of this dismissal and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The Settlement Agreement and Release dated March 11, 2020, including its exhibits and as amended (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Certification Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Certification Order:

> All nonmember persons of Navy Federal who received one or more text messages (other than text messages concerning fraud) on their cellular telephone from Navy Federal, or anyone on its behalf, between September 15, 2015 through March 23, 2020. Excluded from the Class are all current employees, officers, and directors of Navy Federal; federal,

state, and local governments and all agencies and subdivisions thereunder; and the Judges and mediators to whom this Action is or has been assigned and any member of his or her immediate family.

3. The Court finally certifies the Settlement Class for settlement purposes and finds, for settlement purposes, that it satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have fairly and adequately represented the interests of the Settlement Class for purposes of entering into and implementing the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

4. The Court also finally appoints Plaintiff Hawkins as Class Representative, and his attorneys, Burke Law Offices, LLC, Goldenberg Schneider, L.P.A., and The Lyon Firm, P.C., as Class Counsel.

5. The Court approves Fisher House Foundation, Inc. [handwritten] as *cy pres* recipient pursuant to Paragraph 80 of the Settlement Agreement.

7. The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between Plaintiff Hawkins and Class Counsel, and Defendant Navy Federal Credit Union ("Navy Federal") and Defendant's counsel.

8. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement

2

Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Certification Order.

9. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order.

10. This Court hereby finds and concludes that the notice provided to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

11. A total of four Settlement Class Members submitted timely and proper requests for exclusion. The Court hereby orders that each of those individuals is excluded from the Settlement Class. Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits. There were zero objections to the settlement.

12. The Court hereby finally approves the Settlement Agreement, and finds that the terms constitute, in all respects, a fair, adequate and reasonable settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs the Parties to fully implement the Settlement Agreement pursuant to its terms and conditions. Each Settlement Class Member who did not opt out is hereby bound by the Settlement Agreement.

13. The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representative and Class Counsel, that the Settlement Agreement was negotiated at arm's length, that the relief provided is adequate considering the costs, risks, and

delay of trial and appeal, that the method of distributing relief and method of processing claims is effective, adequate, and fair, that the terms and timing of payment associated with Class Counsel's request for attorneys' fees was adequate and fair, and that all other relevant factors, including that the Settlement Agreement treats Class Members equitably relative to each other, demonstrate that this Settlement Agreement should be finally approved by the Court as fair, adequate, and reasonable.

14. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement, the Action.

15. Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims.

16. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Defendant, or of the truth of any of the claims asserted by Plaintiff in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Certification Order, and/or this Order.

17. If for any reason the Settlement Agreement terminates, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification

issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court.

18. The Court grants Class Counsel's application for fees and costs, and awards $2,775,000 in attorneys' fees and $ 12,323.10 in costs. The Court finds these amounts appropriate, fair, and reasonable. The Court awards $ 15,000 as a service award for Plaintiff Ben Hawkins, and finds this amount fair and reasonable.

19. Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment forthwith.

20. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

Dated: October 20, 2020

/s/ _____
Leonie M. Brinkema
United States District Judge